No. 25-13969-DD
**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

UNITED STATES OF AMERICA,
     Plaintiff-Appellant,

v.

TIMOTHY BURKE,
     Defendant-Appellee.

On Appeal from the United States District Court
for the Middle District of Florida
No. 8:24-cr-00068-KKM-TGW-1

**APPELLEE'S RESPONSE IN OPPOSITION TO THE UNITED STATES'
MOTION FOR EXTENSION OF TIME AND REQUEST FOR DISMISSAL**

Appellee Timothy Burke opposes the United States' June 15, 2026 motion for a further forty-five-day extension of time to file its opening brief. The motion should be denied and the appeal dismissed. The government has already had nearly eight months after filing its notice of appeal, three briefing deadlines, and multiple extensions. It now says the appeal cannot proceed because the Solicitor General has not authorized it which is not an extraordinary circumstance.

The government's own motion frames the problem. It represents that the United States Attorney reported the adverse decision to the Criminal Division, the Criminal Division has submitted its recommendation, and lawyers in the Solicitor General's Office are still considering the matter. Mot. 3-4. The government seeks until July 30, 2026 so that the Solicitor General may decide whether the appeal is

1

actually authorized and write the brief. Mot. 4-5. Thus, the government is asking this Court to hold open a criminal appeal while Main Justice, after 263 days of the initial adverse ruling, decides whether the appeal should exist. The Solicitor General has not authorized the instant appeal, and the government seeks a delay to accomplish what should already have been completed.

## PROCEDURAL BACKGROUND

The district court dismissed Counts Eight through Fourteen (the wiretap charges) on September 25, 2025, and resolved the government's motion for clarification on October 20, 2025. The United States filed its notice of appeal on October 27, 2025, and this Court docketed the appeal on November 12, 2025. The government then represented on November 26, 2025 that all necessary transcripts were already on file, and the opening brief was set for December 22, 2025, with the appendix due seven days after the brief. While Solicitor General approval may not have been required prior to filing a "protective" notice of appeal (Justice Manual 2-2.132) it would have been required prior to December 22, 2025, and there was no indication by the government that such approval had not been obtained.

The government did not file its brief. On December 22, it obtained an extension to January 21, 2026. On January 21, it sought another extension, ultimately moving the opening brief deadline to April 21, 2026. On April 9, 2026,

eight business days before that deadline, the government filed a new transcript order form for a June 27, 2024 pretrial proceeding, which reset the briefing schedule. On May 6, this Court set a new opening-brief deadline of June 15, 2026. On June 15, the government again did not file its brief. It instead sought another forty-five days because Solicitor General authorization remained incomplete.[1]

## LEGAL STANDARD

Federal Rule of Appellate Procedure 26(b) permits an extension only for good cause. Fed. R. App. P. 27(a)(2)(A) requires a motion to state with particularity the grounds for relief and the legal argument necessary to support it. The Eleventh Circuit's rules are stricter for repeat briefing extensions. A second or later request to extend the time to file a brief or appendix is "extremely disfavored" and "granted rarely," and it may be granted only on a showing of "extraordinary circumstances that were not foreseeable at the time the first request was made." 11th Cir. R. 31-2(d). The Court's Internal Operating Procedures likewise state that the Court expects timely filing without extensions and that failure to file required papers may cause dismissal for want of prosecution. 11th Cir. R. 26-1, I.O.P. 1; see also 11th Cir. R. 42-1(b).

---

[1] This appeal is related to Burke v. United States, No. 23-13649, an appeal from the denial of Mr. Burke's Rule 41(g) motion for return of property in Times Publishing Co. v. United States, No. 8:23-mc-00014-WFJ-SPF (M.D. Fla.). That proceeding underscores the practical prejudice caused by prolonging the government's appeal: the criminal case and the government's retention of journalistic materials remain unresolved.

The government's appeal arises under 18 U.S.C. § 3731, [2] which authorizes certain government criminal appeals from orders dismissing counts of an indictment but also provides that such appeals "shall be diligently prosecuted." 18 U.S.C. § 3731. The government has not shown the extraordinary, unforeseeable circumstances required by 11th Cir. R. 31-2(d), and it has not diligently prosecuted this criminal appeal.

## ARGUMENT

**I. The need for Solicitor General authorization was foreseeable from the outset.**

There is nothing unforeseen about the need for Solicitor General approval. Department regulations assign to the Solicitor General the authority to determine whether and to what extent government appeals will be taken. Such approval is required by 28 C.F.R. § 0.20(b) and the Justice Manual § 2-2.121. The criminal-division provision likewise requires approval for "[a]ny appeal of a decision adverse to the government," and states that the Solicitor General "personally determines whether to authorize every appeal." Justice Manual § 9-2.170(1)(A), (6).

The motion does not state when the request was presented to the Solicitor General, what issue remains unresolved, why authorization could not have been

---

[2] The government's motion cites 18 U.S.C. § 3742(b) which relates to appeals of erroneous sentences. Id. at p. 1.

obtained before the November filing of notice of appeal, or before the December, January, April, or June deadlines, or why forty-five more days will be enough. It says only that the legal issues are "complex and varied" and that the ramifications may be significant. Mot. 4. Since inception over two years ago, this prosecution has always raised access, authorization, public-availability, newsgathering, and First Amendment questions.

## II. The government cannot plausibly claim surprise in a prosecution of a journalist for newsgathering conduct.

Under then-existing DOJ regulations and policies, both the search and prosecution of Mr. Burke was required to be approved at *the highest levels* at the Department of Justice. 28 C.F.R. § 50.10(a)(3), AG Order No. 5524-2022 effective November 3, 2022, and the government affirmatively represented to this court that it had complied with these requirements. *Burke v. United States*, No. 23-13649 (11th Cir.), Government Motion to Dismiss for Lack of Jurisdiction and Stay Briefing Schedule, filed Feb. 26, 2024, at 2. Thus, prior to initiating the search and prosecution, the government had likely fully briefed these "complex and varied" legal issues, and were required to consult with the Criminal Division's Computer Crime and Intellectual Property Section (CCIPS) under Justice Manual § 9-48.000 and with the Criminal Division's Office of Enforcement Operations. In the district court, the government filed no fewer than three separate briefs, supported by *amici*,

on why the wiretap statute permitted prosecution of those who were parties to a communication containing the sound of the human voice and received the content of the communications from a server that was configured so the communications were readily accessible to the general public. Doc. 72 at 2, and Doc. 98 at 7–8. Doc. 138 at 8, 12–23; Doc. 217 at 12, 16, 21. Amicus brief, Doc. 158. What is "complex" is the government's position that the law permits the prosecution of a journalist for acquiring and reporting on a communication to which they are a party or which they acquired from a publicly accessible source, and the impact of this position on freedom of speech and the press.

Unlike *United States v. Ponce*, No. 24-13579, cited as another brief writing commitment in the motion for extension of time, the United States here is the appellant. It chose to file this appeal and despite numerous extensions still does not have the requisite authority to proceed. The last second request does not satisfy Rule 31-2(d), particularly in a criminal appeal from dismissal of counts implicating First Amendment interests.

**III. Continued delay causes concrete prejudice and defeats diligent prosecution.**

The government's suggestion that prejudice is minimized because Mr. Burke is not detained misses the point. This is not merely a scheduling dispute. The government has chosen to use a novel and unsupported legal theory to prosecute a

journalist for acquiring and publishing information of public interest, which both prevents and deters him and others from engaging in constitutionally protected activities, and then uses the fact that their theory is novel and has broad based implications for freedom of speech and the press (that the issues are "novel" and "complex") to justify continued delay. Mr. Burke remains under the cloud of a federal criminal prosecution brought against a journalist for acquiring and publishing information. The district court's order did not rest on a technical pleading defect; it found that the government's reading of the Wiretap Act raised serious First Amendment concerns. The court warned that, under the government's theory, "[e]vidence of the mere acquisition of a communication might provide probable cause to search someone's email, text messages, video calls, or internet browsing history, chilling speech of all varieties," and it concluded that the statute would raise serious First Amendment concerns if mere acquisition by device sufficed. Doc. 217 at 11, 21.[3]

The delay itself therefore imposes the very injury the First Amendment doctrine treats as irreparable.  "The loss of First Amendment freedoms, for even

---

[3] These concerns have been borne out in other cases subsequently initiated by the DOJ, including the seizure of materials from Washington Post reporter Hannah Nathanson,  See, *In the Matter of the Search of the Real Property and Premises of Hannah Natanson*, No. 1:26-sw-00054-WBP-AJT (E.D. Va. May 5, 2026) (Trenga, J.)(order blocking the government from inspecting such materials under theory that reporter violated the law even though not a target); *United States v. Nekima Valdez Levy-Armstrong et al.*, No. 0:26-cr-00025-LMP-DLM (D. Minn., May 22, 2026)(rejecting the DOJ efforts to obtain journalist work product and documentary materials from third parties.); In re Search Warrants, No. 26-mj-00205-JFD (D. Minn.).

minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *KH Outdoor, L.L.C. v. City of Trussville*, 458 F.3d 1261, 1271-72 (11th Cir. 2006); *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors of America v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir.1990). Each additional month leaves Mr. Burke with the same choice created by the prosecution itself: continue the journalistic practices that generated a felony indictment, or pull back from constitutionally protected reporting while the Department decides whether it wants the appeal it filed.

Section 3731 requires that government criminal appeals be diligently prosecuted. This Court has enforced § 3731's procedural safeguards where the government lacked an adequate justification for delay or late compliance. See *United States v. Salisbury*, 158 F.3d 1204, 1207 (11th Cir. 1998). Here, the prosecutors may very well have "carefully analyze[d] the case before deciding to appeal." *Id.* What they did not do, and have still not done, is obtain the approval of the Solicitor General to pursue the appeal. As such, the appeal is simply not authorized. *See United States v. Mendoza*, 464 U.S. 154, 160 n.6 (1984) (The Attorney General has delegated discretionary authority to the Solicitor General to determine when to appeal from a judgment adverse to the interests of the United States. Under 28 C.F.R. § 0.20(b), the Solicitor General determines "whether, and to what extent, appeals will be taken by the Government." ).

Diligence is absent here. The government filed a notice of appeal, obtained repeated extensions, reset the schedule by ordering a transcript months into the appeal after earlier representing that all necessary transcripts were on file, and now asks for another forty-five days because the appeal has not been authorized.

**IV. The appropriate remedy is dismissal, not another extension.**

The government says that if the Solicitor General does not authorize the appeal, it will move to dismiss. Mot. 2, 4. But factually, the Solicitor General *has not authorized* the appeal. The government seeks an extension of time in the hope that an appeal lodged on Nov 12, 2025, *will become authorized* by the Solicitor General.

The Eleventh Circuit's extension rule exists for precisely this kind of case-management problem. A second or later extension is not a routine accommodation; it is "extremely disfavored," "granted rarely," and limited to extraordinary circumstances that could not have been foreseen at the time of the first request. 11th Cir. R. 31-2(d). The government has not met that standard. Its motion should be denied, and this appeal should be dismissed for failure to prosecute and failure to establish extraordinary circumstances for further delay.

# CONCLUSION

For the foregoing reasons, Mr. Burke respectfully requests that the Court deny the United States' June 15, 2026 motion for extension of time and dismiss this appeal. The government should not be permitted to keep an interlocutory criminal appeal pending after the briefing deadline has arrived multiple times while the Department decides whether the appeal is authorized to proceed.

Dated: June 16, 2026

Respectfully submitted,

*s/ Michael P. Maddux*
Michael P. Maddux, Esq.
Florida Bar No. 964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 33606
(813) 253-3363
Email: mmaddux@madduxattorneys.com


Counsel for Defendant–Appellee Timothy Burke

**CERTIFICATE OF COMPLIANCE**

This response complies with Fed. R. App. P. 27(d)(2)(A) because it contains 2,132 words, excluding the parts exempted by Fed. R. App. P. 32(f), and complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word-compatible Times New Roman 14-point font.

*s/ Michael P. Maddux*
Michael P. Maddux, Esq.


**CERTIFICATE OF SERVICE**

I certify that on June 16, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Michael P. Maddux*
Michael P. Maddux, Esq.