No. 25-13969-DD

In the
# United States Court of Appeals
## for the Eleventh Circuit

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*,

v.

TIMOTHY BURKE,
*Defendant-Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NO. 8:24-CR-68-KKM-TGW-1

## UNITED STATES' MOTION FOR EXTENSION OF TIME PENDING AUTHORIZATION OF APPEAL

GREGORY W. KEHOE
United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division
Florida Bar No. 438741
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000

July 30, 2026

# In the United States Court of Appeals
## for the Eleventh Circuit

UNITED STATES OF AMERICA,
 *Plaintiff-Appellant*,

v.              No. 25-13969-DD

TIMOTHY BURKE,
 *Defendant-Appellee*

## United States' Motion for Extension of Time Pending Authorization of Appeal

The United States respectfully moves for an extension of time to file its principal brief, pending the determination by the Solicitor General of the United States whether this government appeal should proceed. Our brief is currently due on July 30, 2026. We request an additional 32 days, until Monday, August 31, 2026. We regret that this additional request is necessary, and we will immediately notify the Court when the Solicitor General makes his determination. If he does not authorize this appeal, we will move to dismiss it.

1. The district court entered two orders, Docs. 217 and 226, that dismissed portions of the indictment based on the court's interpretation of the Wiretap Act, 18 U.S.C. §§ 2510 and 2511, and what it considered "significant First Amendment concerns," *see* Doc. 217 at 32. The orders are appealable

2

under 18 U.S.C. § 3731. Indeed, in the first order, the court invited the United States to "appeal this decision and postpone trial until the Eleventh Circuit clarifies the law regarding the Wiretap Act interception offenses." Doc. 217 at 316 (identifying this as one of "several potential paths forward for the government"). After the entry of the second order, which clarified the scope of the dismissal, Doc. 226, the United States timely filed a notice of appeal, Doc. 229.

2.      The United States' appeal cannot proceed further without the Solicitor General's authorization. The Solicitor General "[d]etermin[es] whether, and to what extent, appeals will be taken by the Government … ." 28 C.F.R. § 0.20(b); *Justice Manual* § 2-1.000(a). The United States Attorney must report each adverse, appealable decision to the responsible component of the Department of Justice and must recommend whether the decision should be appealed. *Id.* §§ 2-2.110, 2.2.111, 9-2.170. That component—the Criminal Division, Appellate Section, in this case—then makes its own recommendation. *Id.* § 9-2.170(6). Attorneys in the Office of the Solicitor General also make recommendations to the Solicitor General, who decides whether to authorize the appeal. 28 C.F.R. § 0.20(b); *Justice Manual* § 9-2.170(6). This process ensures that the United States pursues only those relatively few appeals that the Solicitor General deems warranted.

3.      The United States Attorney immediately reported this adverse

decision to the Criminal Division, as required, and submitted his recommendation. The Criminal Division has submitted its own recommendation to the Solicitor General, and lawyers within the Solicitor General's Office also are weighing in, as required. As noted above, the Solicitor General will decide whether this appeal should proceed.

4.      We appreciate that this process has taken a long time. The legal issues implicated by the district court's Wiretap Act rulings are novel and complex, as are the potential ramifications of the rulings for other cases and other contexts. We are working diligently toward obtaining the Solicitor General's determination, including any parameters for our briefing on appeal, if authorized. If it is not, we will immediately move to dismiss this appeal.

5.      Mr. Burke—who is not detained—has had his conditions of release modified to enable him to travel and to otherwise minimize the effect of this appeal.

6.      Mr. Burke objects to this requested extension and anticipates filing a written objection to the requested extension.

For these reasons, the United States requests an extension of time until August 31, 2026, to file our principal brief.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    *s/ David P. Rhodes*
DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division
Florida Bar No. 438741
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000
david.rhodes@usdoj.gov

## Certificate of Compliance with Type-Volume Limitation

This motion, which contains 561 countable words, complies with Fed.

R. App. P. 27(d)(2)(A) and Fed. R. App. P. 32(a)(5), (6).

# Certificate of Service

I certify that on July 30, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

MICHAEL MADDUX, ESQ.
*Counsel for Timothy Burke*

s/ David P. Rhodes
DAVID P. RHODES
Assistant United States Attorney