No. 25-13969

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,
Appellant,

v.

TIMOTHY BURKE,
Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT TO FLORIDA
TAMPA DIVISION
CASE NO. 8:24-cr-00068-KKM-TGW

APPELLEE'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S
MOTION FOR A FURTHER EXTENSION OF TIME, AND MOTION TO
DISMISS THE APPEAL FOR FAILURE TO PROSECUTE

MICHAEL P. MADDUX, ESQUIRE
Florida Bar No:  964212
Attorney for Appellee
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 33606
Phone: 813-253-3363
Fax:  813-253-2553
Email:  mmaddux@madduxattorneys.com

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

UNITED STATES OF AMERICA,
      Plaintiff-Appellant,

v.                                        No. 25-13969

TIMOTHY BURKE,
      Defendant-Appellee.

**APPELLEE'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S
MOTION FOR A FURTHER EXTENSION OF TIME, AND MOTION TO
DISMISS THE APPEAL FOR FAILURE TO PROSECUTE**

Appellee moves for dismissal of the appeal under Fed. R. App. P. 31(c) for the reasons set forth below:

The Government told this Court what it would do if the Solicitor General did not authorize this appeal: "if he does not authorize this appeal, we will immediately ask this Court to dismiss the appeal." Doc. 19 at 2. The Solicitor General has not authorized the appeal. The Government has not moved to dismiss. Instead, on the day its brief was due, it sought a fourth extension (a request for transcripts also resulted in a continuance) and repeated the same promise. Doc. 22 at 2, 4.

Mr. Burke opposes the extension and moves to dismiss. The Government concedes that its appeal "cannot proceed *further* without the Solicitor General's authorization." Doc. 22 at 3 (emphasis added). The question is whether the government can proceed at all without such authorization. Almost ten months after the district court dismissed the Wiretap Act counts, the Government offers no

authorization, no merits brief, and no factual support showing good cause or actual diligence apart from a conclusion attributed to no one in the Office of the Solicitor General: "We are working diligently." *Id.* at 4. Regardless of whether the Tampa prosecutors want to proceed, there is no record upon which this court may rely that the *Office of Solicitor General is diligently prosecuting the appeal* as required by 18 U.S.C. § 3731, that the "good cause" under Fed. R. App. P 26(b) has been demonstrated with particularity, Fed. R. App. P 27(a)(2)(A), or any reason to depart from 11th Cir. R. 31-2(d) that a second or later briefing extension is "extremely disfavored," "granted rarely," and available only upon "extraordinary circumstances that were not foreseeable at the time the first request was made."

The government asserts that issues related to their choices on how to prosecute a journalist for obtaining and disclosing information he is alleged to have downloaded from the Internet are "novel and complex" and may have ramifications in "other cases and other contexts." Doc. 22 at 4. That circumstance is neither new nor unforeseeable.

In *United States v. Salisbury*, 158 F.3d 1204, 1206–07 (11th Cir. 1998) this Court dismissed a Government appeal for noncompliance with 18 U.S.C. § 3731, emphasizing that the statute protects against needless delay and the burden an impending criminal proceeding places on the accused, even one not incarcerated. *Salisbury* also rejected "simple negligence" as an excuse. *Id.* at 1207. Other circuits

likewise require concrete justification before excusing noncompliance with § 3731. *Salisbury* citing *United States v. Carrillo-Bernal*, 58 F.3d 1490, 1497 (10th Cir.1995); *United States v. Hanks*, 24 F.3d 1235, 1239 (10th Cir.1994); *United States v. Miller*, 952 F.2d 866, 876 (5th Cir.1992). Here the defect is the absence, after repeated extensions, of the authorization necessary to proceed at all. The Government answers that Mr. Burke is not detained and that his release conditions have been modified. Doc. 22 at 4. *Salisbury* rejected the premise that release eliminates prejudice: pretrial restraints remain a deprivation of liberty, and an impending prosecution weighs heavily on an accused. *Id.* at 1207.

Mr. Burke has been adjudicated guilty of nothing. Yet the appeal keeps the prosecution suspended, leaves his journalistic materials in Government custody, keeps him from publishing newsworthy content, continues his jeopardy and constitutional speedy trial and laches issues, and prevents him from using district-court process to secure evidence for his defense while memories fade and third-party evidence could be lost. The harm extends beyond Mr. Burke. The unresolved prosecution maintains the threat that journalists may be prosecuted for obtaining and reporting information readily accessible to the public. The district court found that the Government's "mere-acquisition" theory could expose ordinary access to email, messages, video calls, and browsing activity to criminal investigation, creating "serious First Amendment concerns." Doc. 217 at 11, 21. That cloud persists every

day the Government preserves an unauthorized appeal without briefing or dismissing it.

Congress required diligence precisely because a Government appeal interrupts a criminal case while burdens continue to accumulate. The Government received the additional time it said would resolve the authorization question. It has offered no facts demonstrating extraordinary circumstance, no particularized good cause, and no evidence of diligence. Here an appropriate remedy is to extinguish the continuing threat created by an appeal the Solicitor General has not authorized.

The Court should deny the motion for a further extension and dismiss the appeal for failure to prosecute it diligently. Fed. R. App. P. 31(c); 18 U.S.C. § 3731.

Dated: July 31, 2026

Respectfully submitted,

<u>*s/ Michael P. Maddux*</u>
Michael P. Maddux, Esq.
Florida Bar No. 964212
Michael P. Maddux, P.A.
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Fax: (813) 253-2553
Email: mmaddux@madduxattorneys.com
jszymczak@madduxattorneys.com

Counsel for Defendant-Appellee Timothy Burke

## CERTIFICATE OF COMPLIANCE

This response and motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 978 words. It complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using 14-point Times New Roman.

*s/ Michael P. Maddux*
Michael P. Maddux, Esq.

## CERTIFICATE OF SERVICE

I certify that on July 31, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve notice of electronic filing on all counsel of record.

*s/ Michael P. Maddux*
Michael P. Maddux, Esq.