No. 25-13969-DD

In the
# United States Court of Appeals
## for the Eleventh Circuit

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*,

v.

TIMOTHY BURKE,
*Defendant-Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NO. 8:24-CR-68-KKM-TGW-1

## UNITED STATES' RESPONSE TO MOTION TO DISMISS APPEAL FOR FAILURE TO PROSECUTE

GREGORY W. KEHOE
United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division
Florida Bar No. 438741
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000

August 7, 2026

# In the United States Court of Appeals
# for the Eleventh Circuit

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*,

v.                                                      No. 25-13969-DD

TIMOTHY BURKE,
*Defendant-Appellee*

## United States' Response to Motion to Dismiss Appeal for Failure to Prosecute

In his response to the United States' July 31, 2026 motion for an extension of time, appellee Timothy Burke asks this Court to dismiss this appeal for failure to prosecute. This Court should deny that request.

As we explained in our latest extension request, we have again sought an extension of time to file our brief because the Solicitor General has not yet decided whether this appeal should go forward. As this Court is well aware, the United States may not brief this appeal—or for that matter, move to dismiss it—without the Solicitor General's authorization. Thus far, everyone else who is required to take part in this process (the United States Attorney's Office; the Appellate Section of the Department of Justice's Criminal Division; an Assistant to the Solicitor General; and the Deputy Solicitor General) has made their recommendation on whether the appeal should proceed. *See* 28

2

C.F.R. § 0.20(b); *Justice Manual* §§ 2-1.000(a), 2-2.110, 2.2.111, 9-2.170(6). Other interested components have also provided their views. We are now awaiting the final word from the Solicitor General himself.

As we have explained, if the Solicitor General declines to authorize the appeal, we will immediately notify opposing counsel and move to dismiss this appeal. If he authorizes the appeal, we will endeavor to promptly complete and file the United States' brief in accordance with any parameters set by the Solicitor General. (This appeal presents a complicated issue concerning the scope of the Wiretap Act, 18 U.S.C. §§ 2510 and 2511. Any parameters the Solicitor General establishes will be important, as the determination whether the communications at issue are "wire" or "electronic," or both, will likely have significant consequences in other criminal-justice contexts.)

We acknowledge that this process has taken a long time, and we don't intend to minimize the delay or its effect on Mr. Burke. But his concern over "the continuing threat" of this appeal, Motion Response (Doc. 23) at 5, is not an appropriate one. The threat of this appeal for him is that the district court's ruling will be reversed. That's a consequence that every appellee faces. Mr. Burke should not be able to avoid on this basis the possibility that this Court will rule that the district court erred, and reinstate the indictment as charged.

Likewise unavailing is Mr. Burke's reliance on *United States v. Salisbury*, 158 F.3d 1204 (11th Cir. 1998), which dismissed an appeal because of the

United States' "failure to comply with the certification requirements of 18 U.S.C. § 3731." *Id*. at 1206. The provision at issue there—which applies to appeals from suppression orders—allows such appeals "if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731. That required certification "ensur[es] that the prosecutor carefully analyzes the case before deciding to appeal." *Salisbury*, 158 F.3d at 1207. (The United States filed the certification a month later. *Id.*) The certification also serves to inform the district court of the United States Attorney's recognition that an appeal might be justified.

As Mr. Burke recognizes, that certification requirement does not apply to appeals from orders dismissing indictments. *See* 18 U.S.C. § 3731. And, in any event, the required internal procedure outlined above ensures that the Department of Justice, as a whole, carefully analyzes every case before proceeding with an appeal. Furthermore, the district court itself invited the United States to "appeal this decision and postpone trial until the Eleventh Circuit clarifies the law regarding the Wiretap Act interception offenses." Doc. 217 at 316. So the district court seemingly recognized that its rulings might reasonably warrant an interlocutory appeal.

Again, we apologize for the delay, we are continuing to "diligently prosecute[]" this appeal, *see* 18 U.S.C. § 3731, and we will notify the Court of

4

the Solicitor General's decision as soon as we have it. But dismissal of the appeal is not warranted.

For these reasons, this Court should deny Mr. Burke's motion to dismiss this appeal.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:  *s/ David P. Rhodes*
DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division
Florida Bar No. 438741
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000
david.rhodes@usdoj.gov

## Certificate of Compliance with Type-Volume Limitation

This motion, which contains 691 countable words, complies with Fed.

R. App. P. 27(d)(2)(A) and Fed. R. App. P. 32(a)(5), (6).

## Certificate of Service

I certify that on August 7, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

MICHAEL MADDUX, ESQ.
*Counsel for Timothy Burke*

s/ David P. Rhodes
DAVID P. RHODES
Assistant United States Attorney